```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                        EASTERN DIVISION
```

**UNITED STATES OF AMERICA**

    vs.                                                2:21-cr-209(1)
                                                                                JUDGE JAMES L. GRAHAM

**DAVID LASHAWN ROBINSON**

<u>**REPORT AND RECOMMENDATION**</u>

Defendant David Lashawn Robinson is charged by *Information* with conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349 (Count 1), bank fraud in violation of 18 U.S.C. § 1344 (Count 3), and possession of more than five false identification documents in violation of 18 U.S.C. § 1028(a)(3)(Count 4). *Information*, ECF No. 24. Defendant agrees to plead guilty to those charges, although the parties did not enter into a plea agreement. *See Notice*, ECF No. 25. On January 12, 2022, defendant, assisted by her counsel, participated in an arraignment and entry of guilty plea proceeding.

After being advised of her right to appear personally and with her counsel and after consulting with her counsel, defendant consented to appear by videoconference.

Defendant waived her right to an indictment in open court and after being advised of the nature of the charges and of her rights. See Fed. R. Crim P. 7(b).

Defendant consented, pursuant to 28 U.S.C. §636(b)(3), to enter a guilty plea before a Magistrate Judge. *See United States v. Cukaj*, 25 Fed.Appx. 290, 291(6th Cir. 2001)(Magistrate Judge may accept a guilty

1

plea with the express consent of the defendant and where no objection to the report and recommendation is filed).

During the plea proceeding, the undersigned observed the appearance and responsiveness of defendant in answering questions. Based on that observation, the undersigned is satisfied that, at the time she entered her guilty plea, defendant was in full possession of her faculties, was not suffering from any apparent physical or mental illness and was not under the influence of narcotics, other drugs, or alcohol.

Prior to accepting defendant's plea, the undersigned addressed defendant personally and in open court and determined her competence to plead. Based on the observations of the undersigned, defendant understands the nature and meaning of the charges against her in the *Information* and the consequences of her plea of guilty to those charges. Defendant was also addressed personally and in open court and advised of each of the rights referred to in Rule 11 of the Federal Rules of Criminal Procedure. Having engaged in the colloquy required by Rule 11, the Court concludes that defendant's plea is voluntary.

Defendant was advised that all sentencing terms will be determined by the District Judge after consideration of, *inter alia*, the United States Sentencing Guidelines. Defendant was further advised that, if the sentence imposed is more severe than the sentence that defendant expected, defendant may nevertheless not withdraw her guilty plea.

2

Defendant confirmed the accuracy of the statement of facts supporting the charges, which is attached to *Notice*, ECF No. 25. She confirmed that she is pleading guilty to Counts 1, 3 and 4 of the *Information* because she is in fact guilty of those offenses. The Court concludes that there is a factual basis for the plea. The Court concludes that defendant's plea of guilty to Counts 1, 3 and 4 of the *Information* is knowingly and voluntarily made with understanding of the nature and meaning of the charges and of the consequences of the plea.

It is therefore **RECOMMENDED** that defendant's guilty plea to Counts 1, 3 and 4 of the *Information* be accepted.

Decision on acceptance or rejection of the plea agreement was deferred for consideration by the District Judge after the preparation of a presentence investigation report. In accordance with S.D. Ohio Crim. R. 32.1, and as expressly agreed to by defendant through counsel, a written presentence investigation report will be prepared by the United States Probation Office. Defendant will be asked to provide information; defendant's attorney may be present if defendant so wishes. Objections to the presentence report must be made in accordance with the rules of this Court.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28

U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. F.R. Civ. P. 72(b). The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019); *Thomas v. Arn*, 474 U.S. 140 (1985)

                                          *s/ Norah McCann King*
                                          **Norah McCann King**
                                          **United States Magistrate Judge**

**DATED: January 12, 2022**